UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 17-CV-1606 (JFB)

———————————

LUIS A. BONILLA,

Petitioner,

VERSUS

WILLIAM KEYSER, SUPERINTENDENT,
SULLIVAN CORRECTIONAL FACILITY,

Respondent.

———————————

**MEMORANDUM AND ORDER**
December 20, 2017

———————————

JOSEPH F. BIANCO, District Judge:

Luis A. Bonilla ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in New York state court. On October 20, 2010, petitioner pled guilty to manslaughter in the first degree, in violation of N.Y. Penal Law § 125.20, a class "B" felony. Petitioner was thereafter sentenced to a determinate term of twenty-five years' imprisonment with five years of post-release supervision.

In the instant habeas petition (ECF No. 1), petitioner challenges his sentence on the ground that his sentence is illegal and unauthorized by law. For the reasons discussed below, petitioner's request for a writ of habeas corpus is denied.

I. BACKGROUND

A. Facts

The following facts are adduced from the instant petition and underlying record.

On April 2, 2010, petitioner was indicted for one count of murder in the second degree, in violation of N.Y. Penal Law § 125.25(1), a class "A-1" felony, in connection with the stabbing and killing of Alex Ventura that occurred on February 27, 2010. (ECF No. 14 at 1-2.) On October 20, 2010, petitioner pled guilty in Supreme Court, Suffolk County to the reduced crime of manslaughter in the first degree, a class "B" felony. (*Id.* at 1.) Petitioner was sentenced on December 10,

1

2010. (ECF No. 14-1 at 13-17.)[1] During the sentencing proceeding, the prosecutor recommended that a bargained-for sentence of twenty-five years' imprisonment followed by five years' post-release supervision be imposed. (*Id*. at 14-15.) Counsel for petitioner agreed with the sentence. (*Id*. at 15.) The court then sentenced petitioner to the bargained-for sentence of a determinate term of twenty-five years' imprisonment with five years of post-release supervision. (*Id*. at 15-16.)

B. Procedural History

   1. Section 440 Motion

On November 24, 2015, petitioner filed a *pro se* motion in Supreme Court, Suffolk County to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20 ("Section 440"). (ECF No. 14-1 at 1-7.) In his motion, petitioner argued that "the People moved the court to impose an illegal and unauthorized sentence of twenty-five years to be followed with five years of Post Release Supervision." (*Id*. at 3.) He further asserted:

> The People confused the maximum penalty for Manslaughter in the [F]irst Degree for . . . Aggravated Manslaughter in the First Degree since the statute's structure of Penal Law section 70.02(3)(a) was written in a complex manner where the elements of Manslaughter in the First [D]egree (a class B felony) are statutorily similar to those of Aggravated Manslaughter in the First Degree but differ in penalty.

(*Id*. at 3-4.) Petitioner requested that his sentence "be reduced to a determinate sentence of twenty years to be followed by five years of Post Release Supervision as statutorily mandated by Penal Law section 70.02 subdivision 3(a)." (*Id*. at 6.)

The trial court denied petitioner's Section 440 motion on March 30, 2016, finding that the "sentence was neither illegal nor unauthorized." (ECF No. 14-1 at 27-28.) The court determined that petitioner had accepted a bargained-for sentence when he pled guilty and that "the agreed upon sentence was legal under Penal Law Section 70.02 and there [wa]s nothing in the record before the Court to establish that it was unauthorized." (*Id*. at 27.)

On April 12, 2016, petitioner applied for leave to appeal to the Appellate Division, Second Department, arguing that the trial court erred in denying his Section 440 motion. (*Id.* at 31-34.) Petitioner claimed that his sentence is illegal and unauthorized as a matter of law "[s]imply due to the fact [that] 25 years['] [imprisonment] with 5 years['] post release [supervision] calculates to 30 years, 5 years beyond the statutory maximum penalty authorized." (*Id.* at 33-34.) On September 23, 2016, the Second Department denied petitioner's application for leave to appeal the trial court's decision denying his Section 440 motion. (*Id.* at 44.)

On October 13, 2016, petitioner applied for leave to appeal to the New York Court of Appeals (*id.* at 45-47), arguing that his sentence is "illegal [and] [u]nauthorized[] [a]s a matter of [l]aw" and that the "trial c[o]urt[']s denial of said 440.20 Motion is [e]rroneous [and a] mis-application of clearly

---

[1] Respondent submitted to the Court at ECF 14-1 the transcript of petitioner's sentencing proceeding, copies of petitioner's and the Suffolk County District Attorney's briefs in connection with petitioner's motion to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20, copies of petitioner's and the Suffolk County District Attorney's briefs on appeal, and the relevant state court decisions. For ease of reference, when referencing these documents herein, the Court cites to the relevant ECF page number(s).

2

long ago established [l]aw[], and the Appellate [D]ivision[']s denial of leave to appeal is also . . . erroneous an[d] a denial [of] due process of [l]aw," (*id.* at 47). On December 13, 2016, the Court of Appeals dismissed petitioner's application on the ground of non-appealability. (*Id.* at 53.)

On January 3, 2017, petitioner filed a request for a reconsideration of his application for leave to appeal to the Court of Appeals (*id.* at 54-55), asserting that his sentence is "[i]llegal, [u]nauthorized as a matter of [l]aw [a]nd a *denial of the*[2] Applicant's *U.S. Constitutional* rights to the 5th, 6th, and 14th Amendment right to *due process and equal protections of the laws*," (*id.* at 54). Petitioner also argued that "the [t]rial court and Appellate Division[']s[] [f]ailure to take [c]orrective [a]ction, [c]ircumventing the [l]aw [i]s a *U.S. Constitutional* 14th[] *Amendment violation to due process and equal protections of the laws* [] and a miscarriage of [j]ustice." (*Id.* at 55.) The Court of Appeals denied petitioner's motion for reconsideration on February 28, 2017. (*Id.* at 60).

2. The Instant Petition

On March 17, 2017, petitioner moved before this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on the ground that his sentence is illegal and unauthorized by law.[3] (ECF No. 1 at 5.) On July 27, 2017, respondent filed a response, arguing that petitioner's claim is both unexhausted and without merit. (ECF No. 14.) Thereafter, on August 14, 2017, petitioner submitted a reply in support of his petition (ECF No. 15), emphasizing that he has raised "*the . . . one and only issue*," that petitioner's sentence is "[i]llegal and [u]nauthorized as a matter of [l]aw," and that his "sentence is beyond the maximum sentence authorized, in violation to the[]defend[a]nt[']s *U.S. Constitutional rights to due process of law*," (*id.* at 3).

The Court has fully considered the parties' submissions, as well as the underlying record.

II. STANDARD OF REVIEW

To determine whether a petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] When quoting petitioner's submissions, the Court uses italics to indicate where petitioner capitalized entire words.

[3] Petitioner requested that the Court grant him the following relief: "vacate[]/set aside the sentence/judgment as a denial of relief sought is a U.S. Constitutional 14th Amendment violation." (*Id.* at 14.)

3

28 U.S.C. § 2254. "'Clearly established Federal law' means 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* at 413.

AEDPA establishes a deferential standard of review: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be unreasonable." *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). The Second Circuit added that, while "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Id.* (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)). Finally, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are review *de novo*.'" *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears v. Greiner,* 459 F.3d 200, 203 (2d Cir. 2006)).

III. DISCUSSION

Petitioner argues that he is entitled to habeas relief on the ground that his sentence is illegal and unauthorized as a matter of law.[4]

---

[4] In his submissions to the Court of Appeals, petitioner also appears to argue that the trial court's denial of his Section 440 motion and the Appellate Division's denial of his application for leave to appeal violated his constitutional rights. Specifically, in his application for leave to appeal to the Court of Appeals, petitioner claimed that "the Appellate [D]ivision[']s denial of leave to appeal is also . . . erroneous an[d] a denial [of] due process of [l]aw," (ECF No. 14-1 at 47), and in petitioner's motion for reconsideration of the Court of Appeal's dismissal of his application for leave to appeal, petitioner stated that "the [t]rial court and Appellate Division[']s [f]ailure to take [c]orrective [a]ction, [c]ircumventing the [l]aw is a *U.S. Constitutional 14th[] Amendment violation to due process and equal protections of the laws*[] and a miscarriage of [j]ustice," (*id.* at 55). Although petitioner does not appear to raise these issues in his petition for a writ of habeas corpus, in an abundance of caution, the Court determines that these claims are meritless. To the extent petitioner claims that the trial court's denial of his Section 440 motion or the Appellate Division's denial of his application for leave to appeal violates his due process rights, courts in this district have correctly held that such claims are not cognizable on habeas review. *See Cruz v. Smith*, No. 05 Civ. 10703 (LTS)(DF), 2010 WL 582348, at *28-29 (S.D.N.Y. Feb. 17, 2010) (dismissing petitioner's claim that he was deprived of his due process rights when the trial court denied his Section 440.10 motion because, "[a]s no constitutional provision requires a state to grant post-conviction review, most federal courts have rejected due process claims arising out of the conduct of state post-conviction proceedings, holding that such claims are not cognizable on habeas review") (internal footnotes and citations omitted) (collecting cases). To the extent petitioner claims that the trial court's or Appellate Division's decisions violated the Equal Protection Clause, petitioner has failed to state such a claim in any of his submissions. In any event, as discussed *infra*, petitioner's claim that his sentence is

Respondent contends that petitioner's claim is unexhausted and otherwise meritless. For the following reasons, the Court concludes that petitioner is not entitled to habeas relief and denies the instant petition.

A. Procedural Requirements

1. Exhaustion

As a threshold matter, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007), petitioner must fairly present his federal constitutional claims to the highest state court with jurisdiction over them, *see Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191 n.3 (2d Cir. 1982) (en banc). Exhaustion of state remedies requires that a petitioner "'fairly presen[t]' federal claims to the state courts in order to give the State the '"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (alteration in original) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

However, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard*, 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must fairly present his claims in each appropriate state court (including a state supreme court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Duncan*, 513 U.S. at 365-66. "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Jones v. Keane*, 329 F.3d 290, 294-95 (2d Cir. 2003) (quoting *Dorsey v. Kelly,* 112 F.3d 50, 52 (2d Cir. 1997)). "Specifically, [petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Daye,* 696 F.2d at 191-92 (collecting cases). To that end, "[t]he chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* at 192.

2. Application

Respondent contends that petitioner's claim that his sentence is unauthorized by law was not properly exhausted.[5] For the reasons set forth below, the Court concludes that petitioner's claim in his habeas petition is unexhausted.

In his Section 440 motion, petitioner argued that his sentence is unauthorized by law because "the People confused the maximum penalty for Manslaughter in the

---

illegal—the basis of his Section 440 motion and application to the Appellate Division—is meritless.

[5] Respondent argues that petitioner's claim is unexhausted because petitioner "failed to raise the post-release supervision issue in his C.P.L. §440.20 motion to the County Court." (ECF No. 14 at 8.) Even assuming *arguendo* that petitioner's Section 440 motion could be liberally construed to argue that his term of post-release supervision renders his sentence illegal (*see* ECF No. 14-1 at 1-7), for the reasons set forth *infra*, the Court nonetheless concludes that petitioner's claim is unexhausted because petitioner failed to fairly present a federal constitutional claim in state court.

[F]irst Degree for . . . Aggravated Manslaughter in the First Degree since the statute's structure of Penal Law section 70.02(3)(a) was written in a complex manner." (ECF No. 14-1 at 3-4.) For support, petitioner referred only to Appellate Division cases that analyze when a state court sentence is excessive. (*See id.* at 5-6.) However, petitioner cited to these cases as support for his argument that his sentence is illegal based on New York Penal Law and that his "determinate sentence of twenty-five years to be followed with five years of Post Release supervision should be reduced to a determinate sentence of twenty years to be followed by five years of Post Release Supervision as statutorily mandated by Penal Law section 70.02 subdivision 3(a)." (*Id.* at 6.) Subsequently, in petitioner's application for leave to appeal to the Appellate Division, he again raised the argument that his sentence is illegal, but petitioner abandoned the explanation that the court confused the statutes because of their similar structure and instead based his argument on an interpretation of New York Penal Law, exclusively citing to the same. (*See* ECF No. 14-1 at 31-34.)

Petitioner made his first mention of a violation of a federal constitutional right in his submissions to the Court of Appeals. In his application for leave to appeal, petitioner argued that the "Appellate [D]ivision[']s denial of leave to appeal [wa]s also . . . erroneous an[d] a denial [of] due process of [l]aw," (*id.* at 47), and in his request for reconsideration of the Court of Appeals' dismissal of his application for leave to appeal, petitioner argued that his only claim was that "the sentence imposed being [i]llegal, [u]nauthorized as a matter of [l]aw [a]nd a *denial of the* Applicant's *U.S. Constitutional* rights to the 5th, 6th, and 14th Amendment right to *due process and equal protections of the laws*," (*id*. at 54).

The Court concludes that petitioner's claim that his sentence is unauthorized by law failed to raise a constitutional question before the New York state courts. Petitioner's Section 440 motion and application for leave to appeal to the Appellate Division raised purely state law claims—petitioner argued that his sentence is illegal under New York Penal Law, petitioner relied on state court decisions reducing defendants' sentences in each court's discretion as support, and the trial court's order denying petitioner's Section 440 motion was grounded in state law. Accordingly, petitioner did not fairly present a federal constitutional claim to the trial court or Appellate Division. *See Walker v. Artus*, 117 F. Supp. 3d 228, 235-36 (E.D.N.Y. 2015) (holding petitioner's claim was unexhausted when his brief to the Appellate Division raised only state law challenges, did not cite federal cases, did not apply constitutional analysis, and did not rely on state cases applying federal law). Although petitioner referenced constitutional provisions in his submissions to the Court of Appeals, the Court of Appeals is a court of discretionary review, and "[p]resenting a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it." *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Here, the Court of Appeals did not consider petitioner's constitutional claims; instead, the Court of Appeals dismissed plaintiff's application for leave to appeal and denied petitioner's motion for reconsideration. In light of the fact that petitioner failed to adequately assert in state court that the alleged error in his sentence deprived him of a federal constitutional right, petitioner has failed to present an error of constitutional magnitude to the state court. Thus, petitioner's claim is unexhausted.

6

B. Merits

Although petitioner's claim that his sentence is illegal is unexhausted, the Court nonetheless denies petitioner's claim on the merits because it is both frivolous and fails to raise a federal question.[6]

As noted above, petitioner was sentenced to a bargained-for sentence of twenty-five years' imprisonment followed by five years of post-release supervision. (ECF No. 14-1 at 15-17.) During the sentencing proceeding, the prosecutor asked the court to impose the "bargained for sentenc[e], of 25 years, with five years post release supervision for the conviction of Manslaughter in the First Degree," and counsel for petitioner likewise requested that the court "impose the bargained for sentence." (*Id.* at 14-15.) The court then informed petitioner that the sentence included five years of post-release supervision, stating that it was the judgment of the court that, "pursuant to the negotiated plea for the defendant's conviction of Manslaughter in the First Degree, the defendant is sentenced to a 25-year determinate sentence, to be followed by five years of post release supervision." (*Id.* at 15-16.) Petitioner now contends that the sentence imposed by the trial court is illegal and unauthorized by law because his twenty-five years' imprisonment followed by five years' post-release supervision is in excess of the maximum sentence contemplated by statute. (*See* ECF No. 1 at 5.) Petitioner's claim is without merit.

Under New York Penal Law, the maximum determinate sentence permitted for a conviction for manslaughter in the first degree, a class "B" violent felony, is twenty-five years' imprisonment. *See* N.Y. Penal Law § 70.02(3)(a). However, "[i]n 1998, the New York Penal Law was amended to provide that individuals who committed felonies after September 1, 1998, and who were sentenced to a determinate sentence of incarceration, would also receive a *mandatory* term of post-release supervision." *Van Gorden v. Superintendent*, No. 9:03-CV-1350, 2007 WL 844901, at *10 (N.D.N.Y. Mar. 19, 2007) (citing N.Y. Penal Law § 70.45(1)). Moreover, "the statute is quite clear that the periods of post-release supervision are *mandatory* and are *in addition to* the determinate sentence of incarceration imposed." *Id.*[7] Therefore, petitioner's sentence of twenty-five years' imprisonment with five years' post-release supervision is within the statutorily prescribed range, and petitioner's claim that his sentence is illegal is meritless. *See Fields v. Lee*, 12 Civ. 4878 (CS)(JCM), 2016 WL 889788, at *21 (S.D.N.Y. Jan. 28, 2016) (sentence of maximum term of imprisonment under the relevant statute with five years' post-release supervision "fell within the range prescribed by state law"), *adopted by* 2016 WL 879319 (S.D.N.Y. Mar. 7, 2016).

In addition, for the purpose of habeas review, "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by law." *White v.*

---

[6] Courts in this district have correctly held that district courts have the discretion to dismiss unexhausted habeas claims on the merits if they are "patently frivolous" and/or fail to raise a federal question. *See Wheeler v. Phillips*, No. 05-CV-4399 (JFB), 2006 WL 2357973, at *5 (Aug. 15, 2006) (collecting cases).

[7] The statute states, *inter alia*, that "[w]hen a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision." N.Y. Penal Law § 70.45(1). New York Penal Law Section 70.45(2)(f) further provides that the period of post-release supervision for conviction of a class B violent felony offense pursuant to § 70.02(3) "shall be not less than two and one-half years nor more than five years whenever a determinate sentence of imprisonment is imposed."

7

*Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *see also Alfini v. Lord*, 245 F. Supp. 2d 493, 502 (E.D.N.Y. 2003) ("It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law."); *McCalvin v. Senkowski*, 160 F. Supp. 2d 586, 589 (S.D.N.Y. 2001) ("Sentencing decisions are not cognizable on habeas corpus review unless the sentence imposed falls outside the range prescribed by state law."); *Thomas v. Senkowski*, 968 F. Supp. 953, 956 (S.D.N.Y. 1997) (dismissing excessive sentence claim where petitioner's sentence fell within the statutorily prescribed range).[8] Therefore, because petitioner's sentence does not exceed what is permissible by law, there is no federal question for habeas review.

IV. CONCLUSION

For the foregoing reasons, this Court finds that petitioner has demonstrated no basis for habeas relief under 28 U.S.C. § 2254. Accordingly, this petition for a writ of habeas corpus is denied in its entirety.

Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall close this case.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: December 20, 2017
Central Islip, New York

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented by Michael J. Brennan, Assistant District Attorney, Suffolk County District Attorney's Office, 200 Center Drive, Riverhead, New York 11901.

---

[8] To the extent petitioner claims that his sentence is cruel and unusual punishment under the Eighth Amendment, the Court rejects such a claim on this same basis. In any event, the Court finds no basis to conclude that petitioner's sentence of twenty-five years' imprisonment with five years' post-release supervision is grossly disproportionate to the crime committed so as to violate his Eighth Amendment rights given the nature of his criminal activity in this case.